**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RAYMOND WALLACH,
      Appellant,

    v.

DEPARTMENT OF
  TRANSPORTATION,
      Agency.

DOCKET NUMBER
NY-0752-14-0228-A-1

DATE:  February 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kara Lafferty, Esquire, Westford, Massachusetts, for the appellant.

Christian Lewerenz, Esquire, Jamaica, New York, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the addendum initial decision, which denied the appellant's motion for attorney fees.  For the reasons discussed below, we DENY the appellant's petition for review, AFFIRM the addendum initial decision as MODIFIED to explain in more detail why the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

appellant is not entitled to attorney fees, and DENY the appellant's motion for attorney fees.

## BACKGROUND

The appellant was formerly an Air Traffic Control Specialist (ATC) with the Federal Aviation Administration (FAA), a component of the agency. The FAA has a mandatory retirement age of 56, but ATCs can request consecutive 1-year waivers until they reach age 61. During the appellant's first 1-year extension, the agency terminated him for alleged misconduct and he filed an appeal in which he claimed violations of due process. *Wallach v. Department of Transportation*, MSPB Docket No. NY-0752-14-0228-I-1, Initial Appeal File (IAF), Tab 1. During the adjudication of the appeal, the parties reached a settlement agreement under which terms, as relevant here, the agency agreed to pay the appellant $12,862.50 in attorney fees, and the agency did not concede that the Board had jurisdiction over the appeal. IAF, Tab 10 at 3, ¶ 4, *id.* at 5, ¶ 16. On July 18, 2014, the parties submitted the agreement to the administrative judge for enforcement purposes. *Id.* at 1. The administrative judge did not take action on the submission at that time.

Meanwhile, the appellant returned to work and thereafter requested a third 1-year extension, which the agency denied. The appellant believed that this constituted a breach of the agreement and, even though the agreement had not yet been accepted into the record for enforcement, filed a petition for enforcement. IAF, Tab 11. Because there was as yet nothing to enforce, the administrative judge called the petition for enforcement a premature "Compliance Application," and he rejected and returned it to the appellant. IAF, Tab 12.

At that point, consistent with Board precedent as it existed at the time,[2] the administrative judge informed the parties that he could not accept the settlement agreement into the record for enforcement purposes without first determining that the Board had jurisdiction over the appeal. *Id.* He thus issued a show cause order directing the parties to submit evidence and argument as to whether the Board had jurisdiction. *Id.*

After considering the parties' submissions, the administrative judge issued a May 24, 2016 initial decision in which he found that the Board had jurisdiction over the appeal, and he accepted the settlement agreement into the record for enforcement purposes. Neither party petitioned for review of the initial decision and it became the Board's final decision.

Because the appellant's responses to the show cause order had been largely dedicated to his arguments concerning the alleged breach of the settlement agreement, on April 7, 2014, the administrative judge had docketed the appellant's compliance claims as a new appeal under docket number NY-0752-14-0228-C-1. On November 15, 2016, the administrative judge issued a compliance initial decision in which he denied the appellant's petition for enforcement. *Wallach v. Department of Transportation*, MSPB Docket No. NY-0752-14-0228-C-1, Compliance Initial Decision (Nov. 15, 2016). The parties did not petition for review of the compliance initial decision and it became the Board's final decision.

The appellant filed a motion for attorney fees seeking additional fees for work performed on the merits case and for work performed on his unsuccessful compliance case. *Wallach v. Department of Transportation*, MSPB Docket No. NY-0752-14-0228-A-1, Attorney Fee File (AFF), Tab 1. The administrative judge denied the motion and found that the appellant was not entitled to attorney

---

[2] On January 4, 2017, the Board issued *Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶ 21 (2017), which abolished the requirement that an administrative judge must find jurisdiction over the underlying appeal before accepting a settlement agreement into the record for enforcement purposes.

fees. Addendum Initial Decision (AID) at 1, 16. More specifically, the administrative judge concluded that attorney fees for the appellant's merits appeal were resolved by the settlement agreement, and to the extent they were not part of the agreement, the appellant did not show that fees were warranted in the interest of justice. AID at 11-15. The administrative judge found that fees for work on the enforcement proceeding were not compensable because the appellant was not the prevailing party in that case. *Id.* The appellant petitions for review of the addendum initial decision. Petition for Review (PFR) File, Tab 1. The agency responds to the petition for review. PFR File, Tab 5.

## ANALYSIS

It is well settled that attorney fees cannot be awarded against the Federal Government unless specifically authorized by a statutory waiver of sovereign immunity. *Brenner v. Department of the Interior*, 119 M.S.P.R. 399, ¶ 5 (2013). Such statutory authorization must be express and specific; it cannot be extended beyond the statute's literal terms and it cannot be implied. *Id.*

The appellant relies on 5 U.S.C. § 7701(g)(1) as the statutory authority for an award of attorney fees. Under 5 U.S.C. § 7701(g)(1), the Board may require payment by the agency of reasonable attorney fees incurred by an employee if the employee is the prevailing party and the Board determines that payment is warranted in the interest of justice. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 7 (2011). Attorney fees are incurred when an attorney-client relationship exists and counsel has rendered legal services on behalf of the appellant in an appeal before the Board. *Farrar v. Department of the Army*, 5 M.S.P.R. 26, 27 (1981). The appellant bears the burden of establishing his entitlement to an award of attorney fees. *Parker v. Office of Personnel Management*, 75 M.S.P.R. 688, 691 (1997).

It is not disputed that the appellant and his counsel had an attorney-client relationship and that counsel rendered legal services on the appellant's behalf in

an appeal before the Board. However, for the reasons that follow, we need not determine whether the appellant was the prevailing party in the merits appeal or whether fees are warranted in the interest of justice.

As noted above, an award of attorney fees for the merits appeal already had been provided for in the settlement agreement. Moreover, the agreement contains broad waiver clauses:

> The purpose of this Agreement is to resolve with finality any and all actions, causes of action, complaints, grievances, appeals, and any other matter arising out of the appellant's …termination.

> [T]he Appellant withdraws, and shall withdraw with prejudice, any and all actions, causes of action, claims, complaints, grievances, and appeals, pending against the Agency as of the date this agreement is executed, pertaining to [the underlying employment action] and the facts arising out of it.

> Appellant agrees that he shall not bring any action, claim, complaint, EEO complaint, grievance, or appeal, against the Agency, for any matter that was or could have been raised in an appeal to the Merit Systems Protection Board arising out of the March 10, 2014 termination notice. The appellant further agrees that the execution of this Settlement Agreement irrevocably releases the Agency, and its employees, officers, and agents, in their individual and official capacities, from any and all actions, claims, complaints, grievances, appeals, and proceedings, that were or could have been asserted in an appeal to the MSPB as a result of such termination.

IAF, Tab 10 at 3, ¶¶ 5-6.[3] The Board has found similar language to constitute a valid waiver of the right to seek attorney fees. *Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 25 (2006) (holding that an agreement providing that it is a "full and final settlement of all matters" in the appeal constitutes a waiver of the right to move for payment of attorney fees); *Paderick v. Office of Personnel Management*, 54 M.S.P.R. 456, 459 n.2 (1992) (same). Because there is nothing in the agreement that reserves a right to seek additional attorney fees for work on the merits appeal, the appellant was not entitled to any attorney fees for work

---

[3] In addition, the settlement agreement provides that it "contains the entire understanding of the Parties, and there are no other written or oral understandings, promises, or agreements that are not incorporated herein." IAF, Tab 10, ¶ 12.

performed on the merits appeal beyond those already awarded in the settlement agreement.

On review, the appellant argues that the settlement agreement did not reserve a right to seek additional attorney fees because it was unforeseeable that there would be any more work to be done. PFR File, Tab 1 at 7-8. On the contrary, as stated above, under precedent in effect at the time, the administrative judge could not accept a settlement agreement into the record for enforcement purposes without first determining that the Board had jurisdiction over the underlying appeal. Further, the appellant's counsel included arguments addressing jurisdiction over the appeal in a filing made 1 month before the parties filed the settlement agreement, indicating that he was aware jurisdiction was potentially at issue. IAF, Tab 8. Finally, the settlement agreement itself includes language that the agency did not concede jurisdiction over the underlying appeal. The appellant therefore had explicit notice at the time he entered into the settlement agreement that there could be additional litigation over the question of jurisdiction.

In addition, even if it had been unforeseeable when the parties entered into the agreement that the appellant's counsel would be required to perform additional work before the agreement would be accepted for enforcement and the appeal dismissed, there is no indication in the record that the appellant attempted to withdraw his assent to the agreement, or sought to modify it, at any time between the submission of the agreement and the administrative judge's dismissal of the appeal approximately 22 months later.

Because the agreement set a sum certain the appellant was to receive for attorney fees and contained broadly worded language making it clear that he was waiving his right to pursue any further action arising out of his termination, the appellant should have known that his recovery of fees was limited by the agreement. The parties did not bargain for a future right to request additional fees, and the appellant is therefore precluded from recovering fees above what

was specified in the agreement for his attorney's work performed on the merits appeal.

Furthermore, to the extent the appellant is requesting fees for time his attorneys spent performing work on the petition for enforcement, whether the fees were incurred for work attempting to enforce the agreement prematurely, while the merits appeal was still pending, or after the compliance case had been docketed, his request must be denied. Under Board precedent, even when an appellant is a prevailing party on the merits, he must separately establish that he prevailed in a petition for enforcement in order to be entitled to attorney fees for work performed in an enforcement proceeding. *See Doe v. Pension Benefit Guaranty Corporation*, 123 M.S.P.R. 1, ¶¶ 8-9 (2015); *Shelton v. Environmental Protection Agency*, 115 M.S.P.R. 177, ¶ 12 (2010); *Mynard v. Office of Personnel Management*, 108 M.S.P.R. 58, ¶¶ 14-15 (2008). In order to show that he is the prevailing party in the compliance phase of the proceedings, an appellant must establish either that the agency materially breached the Board enforceable order or settlement agreement at issue or that the relief the party achieved carries with it sufficient Board imprimatur. *Mynard*, 108 M.S.P.R. 58, ¶ 16.

Here, as noted above, the administrative judge denied the appellant's petition for enforcement, and there is no evidence that the appellant received any relief in connection with his claim that the agency had breached the agreement; thus, we conclude that he has not met his burden to prove that he was the prevailing party with respect to the petition for enforcement, and he is not entitled to recover attorney fees for his counsel's work performed in that regard.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[4] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.